yes good morning your honors and may it please the court Elizabeth Dooley on behalf of petitioner Renee Garcia-Gonzalez are you doing this case pro bono I am your honor thank you for doing it of course your honor I'd like to reserve two minutes of my time for rebuttal but I will of course watch my clock and your honor this petition should be granted for three reasons as an initial matter the BIA accepted as true the facts in mr. Garcia's and those facts in combination with the unrebutted country conditions evidence compels the conclusion that it is more likely than not that mr. Garcia will be tortured if he is returned to Mexico second the BIA failed to consider particularly probative evidence in the record including statements in mr. Garcia's declaration as well as portions of the State Department report finally the BIA failed to consider the threat of harm to mr. Garcia in the aggregate instead analyzing each of the three sources of potential torture in isolation your honors I'd like to begin with the threat of harm to mr. Garcia that he faces at the hands of police officers if he's returned to the streets in Mexico so previously he was beaten on at least two occasions severely to the point where he has permanent back pain as a result and the BIA in analyzing this source of torture failed to consider that mr. Garcia was beaten during questioning as this court has the BIA failed to consider that mr. Garcia was beaten during questionings and not just during arrest and so when the BIA says in its decision that some of the harm mr. Garcia may have suffered was incident to lawful arrest what it didn't consider in this case was that if he was beaten during questioning that I agree your honor yes I but what I do think that the BIA statement demonstrates they weren't suggesting that the beating was the correct correct I do think that the BIA's statement in just mentioning lawful arrest though demonstrates that they did actually fail to consider that he was also beaten while in jail and during questionings and I thought what they really said meant was it just wasn't that serious they I'm not in their heads so I can't fair enough and so the fact that he was beaten previously in combination with the State Department report which puts forth evidence of frequent incidents of individuals who are taken into custody and are not just beaten as the BI didn't feel as though that rose to the level of torture here but are actually tortured unequivocally tortured with electric shocks and other terrible types of things that are laid out can I ask you on this line of your argument is it your position that if any person from Mexico can show that it's more likely than not that they will be taken into police custody that they're stated in the State Department reports because it seems to me that's the logical implication of accepting your argument here so I do think that in this case there's a tremendous amount of evidence that mr. Garcia was also beaten several times previously so it's not simply that because the short answer is I don't think that that's the the ultimate outcome of my argument I would say that in this particular case because mr. Garcia was severely beaten on two prior occasions and in combination with the fact that this evidence does exist in the State Department reports that all of those factors combine your argument overall is that you can't take these things in pieces right that mr. Garcia but given his situation I he's either gonna be homeless or in a mental institution or prison pretty much those are the three options the story's gonna be right so one therefore can add them all up as to the 50% rather than so he's not in the situation of just anybody who is for purposes of cat he isn't in the same situation as anybody in Mexico because of the cumulation essentially that's exactly right you're on I think you're biting off more than you have to chew to say to focus on this discreetly thank you your honor and and yes I understand that's the nature of your argument but it seems to me there's just two components to it it's one how likely is it that he's gonna wind up in this versus that situation right and I think you basically established a hundred percent likelihood that he's either gonna wind up eventually in police custody or in one of these state run mental institutions then the question simply becomes how likely is it that anyone who's placed in that situation is going to be subjected to torture so I I mean it seems to me you're back in the same place of saying well the evidence either supports that pretty much everybody who is either placed in police custody or placed in a state run mental institution is going to be is more likely than not to be subject to torture so I to judge Burzon's point I am NOT trying to make that argument and go quite that far I think that when when one is looking at the specific facts of this case and you look at what has happened to mr. Garcia in the past both in police custody himself individually in police custody as well as in the mental institution and you consider that past evidence in combination with the State Department reports I think that the all of those factors together compel the conclusion that it's more likely than not let's just say hypothetically that your evidence establishes only that it's there's a 30% chance that somebody taken into police custody will be tortured and there's only a 30% chance that someone who's placed in the state run mental institution will be subjected to torture I don't think you get to add those together and say therefore right because you're either going to wind up in one wind up in the other but if if in either scenario it's still there's less than a 50% likelihood that your client will be subjected to torture I don't see how that establishes entitlement to cat relief I think actually under that hypothetical I think you're right about that piece which is that if there's a 50% likelihood that mr. Garcia is going to wind up in a mental institution and a 50% likelihood that he will end up in police custody and in either of those situations the BIA had determined that there was only a 30% likelihood that he would be tortured in police custody or tortured in a mental institution then you know at the end of the day he would not as I understand it he's it's not like it isn't either either or it's sort of sequential over time I mean it's correct it's unlikely that he's gonna be yes I mean I guess them if there was one place he was most likely to be continually it would probably be the middle institution but at least in the past she's been in one and then he's been in the other and then he's been the other I don't know how that affects the bath but correct so so if if as under the facts of this case he does move from one place to the other then you could add those pieces together but under just your very specific scenario if he is actually just stuck forever in one or the other the math wouldn't work and he wouldn't be more likely than not to be torture which which case from this court do you think most closely aligns with the facts of your case I think on the on the torture piece I think Vintan win which was a 2013 decision I think in terms of the BI's failure to consider particularly probative evidence in the record or failure to consider they didn't mention it and and what specifically did they not mention so they failed to mention that he was beaten during questionings they also failed to mention that he that there were altercations between patients in a mental institution and that when police were called they simply didn't respond and so that gets to the intent I mean doesn't that run into the was filagros was that the name of the case the Vegas Vegas it does but the the the point in in Vegas in my understanding is that intent was required and so although the mental institutions in Mexico had these squalid conditions because the government did not intend to torture individuals in those institutions it didn't it didn't rise to the level of torture but in Vegas the court was careful to leave in place the the fact that and I think this is from saying that where a private individual evinces a intent to torture all that is necessary from the government is acquiescence to that private intent and but it's the definition of torture I mean my understanding is that the premise of Vegas was that torture doesn't just mean doing bad things to people it means doing bad things to punish them or elicit testimony I guess because that's what the statute says so therefore even if it's done by a private person doesn't have to meet that standard your honor I see that I'm out or me go ahead or meet the standard with regard to why the government is asked acquiescing I mean if for example the reason why the government wasn't coming to deal with the altercations between the people in the mental institution was because they wanted they wanted to punish these people I suppose that would so my understanding is that there it needs to be intent on the part of the private individual and for the government it needs to be willful blindness or acquiescence and I see that I'm out of time thank you you may it please the court I'm Jonathan Robbins here on behalf of the Attorney General good morning to everyone the key issue in this case is whether the record compels reversal of the board's denial of petitioner's application for protection under the regulations implementing the Convention against torture and petitioner is make basing his claim on a fear of torture from a number of different sources for specifically he's claiming that he fears torture from the Ariana Felix drug cartel he's claiming to fear torture from unidentified kidnappers of he's claiming torture emanating from the the situation involving the mental institutions in Mexico and he's claiming torture from the Mexican police maybe start with the police okay well with respect to the police actually in proceedings below when when petitioner was had two claims pending he had a cat claim which is the only claim here but he also had a withholding of removal claim so he was presenting evidence of persecution and torture and he had sort of sort of mashed everything together and sort of put forth a lot of evidence of harm and sort of vaguely had determined that this was evidence of persecution and torture but when the immigration judge asked for clarification from his attorney below and said and he said this this these beatings from the police seems more like persecution but it doesn't seem like it rises to the level of torture would it be a fair assessment of your claim to say that you're basing the torture claim on the mental institution things and not the police and petitioners counsel said yes so now I mean I remember seeing that fine okay I'll grant you that so but we have State Department reports that suggest that actually torture is quite prevalent when people are taken into police custody it's true that that is true that there are incidents but as your honor noted if if the State Department's reports alone were enough then anybody who's going to be arrested by police could make a convention against torture because he did in fact encounter a because he did encounter himself some of this treatment whether it arose to torture or not and during questioning he did say that so it's he's not just anyone who's likely to be in custody and because as we were saying before he if he's not in custody he's gonna be in one of these other situations where he also has some evidence that he himself has been at least subject to very very poor treatment well certainly well it depends on which portion you're talking about because some of the instances where he was in fact we are in a situation we were taking what he said is true is that right yes I don't mean to suggest otherwise that it hasn't been established it's been established I wasn't trying to suggest that you're on it but with which is why I called you I know I'm our brief argues only that we take everything is true we did not argue anything else in our brief we certainly in the in the description of what happened below talked about the immigration judges problems with below but we're not arguing that it's not credibility we take this is true that should I hope we've been clear on that but with respect to for example the harm that sorry the harm that he faced with respect to the Ariona Felix drug cartel and the problems that his family encountered the claim suffers from a problem of demonstrating the requisite state action he has to show that the Mexican government would consent or acquiesce to the torture or that a public official would do the same and the evidence actually rebuts that because the evidence shows the Mexican government has really gone after the Arianna Felix drug cartel and doesn't acquiesce or consent to their activities so in terms of the aggregate I didn't say it was that drug cartel well he does claim that the Arianna Felix drug cartel did I'm sorry what he says that with respect to the unidentified kidnappers but with respect to the harm that his family encountered he says that was the Arianna Felix drug cartel and so in terms of the aggregate sort of harm that that would add to the calculus in determining whether he has a 50% chance of torture that doesn't add a whole lot because that's not harmed by the Mexican government there in fact the evidence shows that it's really not acquiescence by the Mexican government with respect to the unidentified kidnappers the evidence as to who these people were is a bit scant he suggests that they was possibly a drug cartel I'm sorry what okay well with with respect to the the mental institution let's let's get into that I mean I think we're pretty squarely in the realm of Viegas against Mukasey and Garcia Millan against the police came and shot a whole bunch of people well no your honor but the question as that's certainly one of the ways she attempts to distinguish the case but here's the problem when we're assessing a torture claim just because something bad happened in the past doesn't create a presumption that something's going to happen in the future now the evidence shows that Mexico however ineffectually is trying to improve the conditions for the mentally ill in in these mental institutions admittedly they're I guess acquiescence maybe is more than that but still if it's not working well exactly your honor inability is not sufficient to demonstrate the acquiescence or or consent that is required under the regulations which define torture so it while it would certainly be awful that this incident happened where some people were indiscriminately killed the question is what how does this speak to the likelihood of future torture that petitioner would potentially face and petitioners counsel government's counsel wouldn't weren't able to find any evidence that this kind of thing is going on in Mexico where people are being indiscriminately shot in mental institutions there he said it happened he was there no I'm accepting that I'm questioning the likelihood of the of this type of event happening in the future given that the State Department I mean if there was a more than 50% chance that somebody was going to be indiscriminately shot at a mental institution it would be likely that the State Department reports the mental institution reports the background articles would give some indication that this is a real risk I'm not saying that didn't happen in the past but what we're looking for is the future likelihood here and then the evidence is just too scant to meet that 50% threshold what is your understanding with regard to cat claims of the connection I mean for withholding or asylum if there were past persecution it would be you switch the burden at that point yes there would be a presumption created that yes so what do we do what I mean with the past no no past events are certainly an important consideration in torture past torture can be indicative of a likelihood of future torture but there's no presumption created that's that much is clear from the regulations so the question is is does this past harm that he faced with respect to the shooting indicate a likelihood of future torture and given that the State Department reports don't really give any any indication that this is something that happens in Mexico on a regular basis that that doesn't certainly a reasonable fact finder could determine that petitioner hasn't established the 50% threshold that he needs to hit because the State Department reports do suggest that torture happens with regularity when people are taken into police custody and it seems to me he has shown it that it's quite likely that he will eventually at some point if he's returned to Mexico find himself once again in police custody so why isn't that sufficient well that sort of brings us with it there's a whole string of cases that we cite to in our brief where people underwent the same type of harm that petitioner went beatings detentions arrests and that have demonstrated that where the court found that that wasn't sufficient to uphold a claim for a cat relief because it's not severe enough yeah yes in fact there are often claims we even with the lower threshold of persecution where detentions arrests and beatings don't sometimes don't even he does but the question the evidence that he provided in the and the immigration judge board both noted this the evidence with respect to these police beatings was a was a bit scant all we really have is his declaration and he says that he was brought before a judge I'm questioning the the house the evidence whether the evidence meets his burden of proof of demonstrating a 50% likelihood of threshold I'm not again I'm not questioning his credibility because you were saying that he didn't have enough detail ie it doesn't seem to be through he did say that he was beaten to the degree that he has a permanent injury and that it was during question okay now take that well he all he also says by the way that he was brought before a judge and he and he wasn't there for a prolonged period of time so in terms of the severity of the harm there are other factors that he also alleged and at the end of the day this is sort of akin to I mean it seems to me to be quite akin to the string of cases that we say to in our brief where people suffered similar types of detention people I mean people were also questioned in other cases where they were detained by police often people are questioned yes yes that's what I'm saying in the other cases where people have been interrogated by police that's a type of claim that we see all the time and in the end he was only interrogated he said he was beaten while he was interrogated yes I'm sorry if I'm not being clear in those other cases you keep leaving that out in other cases where people have been beaten while interrogated the court has upheld the denial the agency's denial of cat relief saying that that type of harm was not severe enough to meet the threshold it appears that the BIA did not consider the country reports on torture by police did you agree with that no I think the agency did consider the state where does it show in the record that they did at the moment without searching for it do you believe it shows in the record yes page certainly the immigration judge did at page 69 acknowledging that the report detailed evidence of abuses against individuals with mental health disabilities that's a mental health piece right about police beatings well I don't know that the board specifically mentioned the State Department reports with respect to police beatings but they obviously did consider the reports and the case law is clear that that board does not have to explicitly mention every detail from when we have a situation where we have hundreds of pages of reports I mean I think it's relatively clear the agency considered the State Department reports this is these are thorough decisions by the IJ and both the board there's not a lack of consideration of evidence here can I ask you a question if we were not to be persuaded by your argument here what what would happen well the IJ's decision was based on two findings only one of the board upheld the finding that assuming everything he said was true then we would the immigration judge had an alternate finding he said that even though he credited petitioner as a speculative from a from a excuse me a subjective credibility to point that a lot of the evidence that he had conflicted with itself was questionable for example you know he claims his family was murdered but at one point he claims they were murdered in 1989 and at there's evidence here that seems to suggest that there are some problems with the objective reasonableness of the of the of the of the claim so if that were the case that the board would have to have an opportunity to address that alternative finding by the immigration judge if it were remanded but I'm out of time I think I'm out of thank you thank you very much for your time one minute thank you your honors just really quickly on the Viegas point the site for acquiescence in terms of a private individual conducting torture is it's 523 f-3rd at 989 and then in terms of the the State Department country report which judge Fisher you asked about there's no indication in the record that the court considered or that the BIA considered the State Department report in the context of the the police beatings and finally in terms of whether the course of action judge Watford to your hypothetical in terms of what would occur if if this case were to be remanded I think there are two options in cases in which the record compels the conclusion that mr. Garcia would be more likely than not to be tortured there are plenty of examples of this court granting outright relief well that's why I was asking because I don't see how we could do that given that the way that the posture in which the case comes to us is the the agency below has just assumed without deciding that everything he has said is true so I was I guess I was contemplating that if we were to reject that the BIA's determination that well then somebody would need to I guess figure out in fact whether all of what he has said should be credited that that's really what I was trying to inquire about is that your view as well my view is that because the BIA took as true what's in mr. Garcia's declaration that's those are the facts with which we are working and he did say they just say we're taking it as true for purposes of this appeal that's that's that's for your honor accepting as true for purposes of this appeal or there still is a hanging out credibility appeal in the in the initial piece of the IJ's decision so if the if this court were to remand on on that basis I would first encourage the court to perhaps direct the BIA to considering all of the evidence in the record continuing to assume mr. Garcia's declaration to be true for purposes of this appeal okay thank you very much
judges: Fisher, Berzon, Watford